William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa, Suite 2080
Los Angeles, CA 90017-5726
Tel.: (213) 622-3003
Fax: (213) 622-3053

*Of Counsel:*
Frank A. Angileri
fangileri@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel.: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENVISIONTEC, INC.<br><br>   Plaintiff,<br><br>v.<br><br>FORMLABS, INC.<br><br>   Defendant. | Case No. 2:16-cv-06812<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff, Envisiontec, Inc., by and through its undersigned counsel, for its Complaint herein against Defendant, Formlabs, Inc. alleges as follows:

## I. THE PARTIES

1. Plaintiff, Envisiontec, Inc. ("EnvisionTEC"), is a Michigan corporation, having a corporate office at 15162 S. Commerce Drive, Dearborn, Michigan 48120. EnvisionTEC also has a primary place of business in this District at 16925 South Main Street, Gardena, California 90248.

2. Upon information and belief, Defendant, Formlabs, Inc. ("Formlabs"), is a Massachusetts corporation, having its principal office at 35 Medford Street, Suite 201, Somerville, Massachusetts 02143.

## II. THE INFRINGED PATENTS

3. On May 30, 2006, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,052,263 ("the '263 Patent"), titled "Apparatus for Manufacturing a Three-Dimensional Object." *See* Exhibit A, U.S. Patent No. 7,052,263.

4. On March 27, 2007, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,195,472 ("the '472 Patent"), titled "Apparatus and Method for the Non-Destructive Separation of Hardened Material Layers from a Flat Construction Plane." *See* Exhibit B, U.S. Patent No. 7,195,472.

5. EnvisionTEC is the owner of all right, title, and interest in the '263 and '472 Patents (hereinafter the "Patents-in-Suit), including the right to recover for infringement thereof.

6. The Patents-in-Suit are directed to, *inter alia*, a 3D printing apparatus and/or method.

7. EnvisionTEC develops, manufactures, and sells professional grade 3D printing technologies, equipment and services. EnvisionTEC offers both customized and mass-market products and services to customers globally, nationwide and in a number of industries. EnvisionTEC manufactures and sells professional grade 3D printing technologies covered by the Patents-In-Suit. EnvisionTEC manufactures such products at its place of business located in this District at 16925 South Main Street, Gardena, California 90248. EnvisionTEC sells such products to customers in this district and throughout the United States.

8. Pursuant to 25 U.S.C. § 287, EnvisionTEC appropriately marks its products with the numbers of the Patents-in-Suit through use of its website www.EnvisionTEC.com.

## III. JURISDICTION

9. Formlabs distributes, offers for sale and sells its Form 1+ and Form 2 products (the exemplary "Accused Products") as described herein in the United States, in the State of California and this District. Formlabs utilizes Source Graphics located at 1530 N. Harmony Circle, Anaheim, California 92807 as a distributor of the Accused Products. Upon information and belief, Formlabs' Accused Products have been sold to and are being used by at least the following companies in this District: StarWax, 606 South Hill St., #908, Los Angeles, California 90014; JAJ and Associate, 818 N. Broadway, Suite 112A, Los Angeles, California 90012; MCAD Esterline Mason, 13955 Balboa Blvd., Sylmar, California 91342; TACORI Enterprises, 1736 Gardena Ave., Glendale, California 91204; Christian TSE Mfg., 904 South Alta Vista Ave., Monrovia, California 91016; and HRL Laboratories, LLC, 3011 Malibu Canyon Road, Malibu, California 90265. Formlabs is an active company doing business in California and

has the following registered agent: Incorp Services, Inc., 5716 Corsa Ave., Suite 110, Westlake Village CA 91362-7354.

10. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1338 (patents).

11. This Court has personal jurisdiction over Formlabs because Formlabs is conducting business in the State of California and this District. To the extent not established on the record in hand, the factual contentions of paragraph 9 above are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## IV. ACTIONS GIVING RISE TO THE COMPLAINT

12. EnvisionTEC and Formlabs are competitors in the sale of 3D printing equipment and services.

13. Both EnvisionTEC and Formlabs attend trade shows regarding their products, including trade shows in this District. For example, Formlabs attended the SIGGRAPH conference in July 2016 in Anaheim, California. Upon information and belief, Formlabs also attends Design and Manufacturing Pacific and Inside 3D Printing conferences in California.

14. Formlabs offers a wide array of 3D printing services and markets its products throughout the U.S., as well as internationally. Formlabs has previously been sued for patent infringement and, thus, is presumably aware of infringement liabilities stemming from patent infringement. Upon information and belief, Formlabs has the capability to conduct searches for patents related to its product. Thus, Formlabs likely knew or had reason to know of the Patents-in-Suit prior to the filing of this Complaint.

15. EnvisionTEC lists its patents on its website, including patent number, title and issuance date. Thus, it is reasonable to infer that Formlabs, as a competitor that likely investigates EnvisionTEC, knew or had reason to know of the Patents-in-Suit prior to the filing of this Complaint.

16. Formlabs manufactures, offers for sale, uses, and/or sells products and services that infringe claims of the Patents-in-Suit, including the exemplary Form 1+ and Form 2 Accused Products, with knowledge of the Patents-in-Suit and the infringement thereof.

## V. COUNT 1: INFRINGEMENT OF THE '263 PATENT

17. EnvisionTEC repeats and re-alleges the allegations contained in paragraphs 1-16 above as if fully set forth herein.

18. Formlabs has made, used, offered for sale, and sold in the United States and continues to make, use, offer for sale, and sell in the United States 3D printing technology. Formlabs directly infringes the Patents-in-Suit and induces others to infringe the Patents-in-Suit. These activities include manufacturing, using, offering to sell, and selling the "Form 2" and the "Form 1+" Accused Products that infringe the '263 Patent.

19. The Accused Products infringe one or more claims of the '263 patent.

20. Claim 1 of the '263 Patent is exemplary and recites the following:

> An apparatus for manufacturing a three-dimensional object by solidifying in layers a liquid material which can be solidifying under the influence of light at locations corresponding to the cross-section of the object in a layer, said apparatus comprising: a trough for holding the liquid material over a transparent plate; a light source; a device for projecting an area of light onto a surface of the liquid material in contact with a resilient layer selected from a solid resilient material

having the properties of silicone according to a cross-section of the object to solidify the liquid material exposed by the light in accord with the cross-section; and a positioning device for positioning the object being formed relative to the trough for forming additional layers of the object; the trough comprising a surface layer wherein the solidified material sticks to the surface layer less than to the transparent plate.

21. An Accused Product is depicted below, displaying prominently the "positioning device for positioning the object" above the object being created.



22. The claimed "device for projecting an area of light" is described in Formlabs technical specification as a "Class 1 Laser Product" with a "250mW laser."

23. The claimed "trough" is depicted below.



24. Also depicted above is the claimed "resilient layer selected from a solid resilient material having the properties of silicone" and "surface layer wherein the solidified material sticks to the surface layer less than to the transparent plate."

25. Formlabs has notice of its infringement of the '263 Patent at least as early as the service of this Complaint, and therefore, has knowledge of the '263 Patent at least as early as the service of this Complaint.

26. Upon information and belief, Formlabs has had knowledge of the '263 Patent for several years. Based on the facts alleged above in paragraphs 12-16, it is reasonable to infer that Formlabs has had knowledge of the '263 Patent since shortly after its issuance. Alternatively, if Formlabs asserts that it had no knowledge of the '263 Patent prior to the filing of this Complaint, Formlabs was willfully blind to a competitor's patent rights.

27. With knowledge of the '263 Patent, Formlabs continues to infringe the '263 Patent.

28. It is reasonable to infer based on the facts set forth above in paragraphs 12-27, that Formlabs' conduct has been willful, wanton and deliberate. It is also reasonable to infer based on these facts that Formlabs' actions have been

1 objectively reckless. The actions of Formlabs with regard to infringement of the
2 '263 Patent are willful such that EnvisionTEC is entitled to treble damages under
3 35 U.S.C. § 284.
4     29. EnvisionTEC has suffered damages as a result of Formlabs' infringing
5 activities and will continue to suffer damages as long as those infringing activities
6 continue.
7     30. EnvisionTEC has no adequate remedy at law. Unless enjoined by this
8 Court, Formlabs will continue such acts of infringement, causing EnvisionTEC to
9 incur substantial and irreparable harm.

## VI. COUNT 2: INFRINGEMENT OF THE '472 PATENT

31. EnvisionTEC repeats and re-alleges the allegations contained in paragraphs 1-30 above as if fully set forth herein.

32. Formlabs has made, used, offered for sale, and sold in the United States and continues to make, use, offer for sale, and sell in the United States 3D printing technology. Formlabs directly infringes the Patents-in-Suit and induces others to infringe the Patents-in-Suit. These activities include manufacturing, using, offering to sell, and selling at the "Form 2" and the "Form 1+" products as well as certain replacement parts that infringe the '472 Patent.

33. The Accused Products infringe one or more claims of the '472 patent.

34. Claim 9 of the '472 Patent is exemplary and recites the following:

> An apparatus for the separation of a material layer that is hardened on a flat plane, which serves as a reference, the apparatus comprising a flexible, elastic separating layer arranged between plane and material layer, the elastic separating layer comprising a gel-like elastic material that is applied directly to the plane.

35. The claimed apparatus is depicted below, displaying the "flat plane" and the "elastic separating layer" below the objected being created.



36. Formlabs has notice of its infringement of the '472 Patent at least as early as the service of this Complaint, and therefore, has knowledge of the '472 Patent at least as early as the service of this Complaint.

37. Upon information and belief, Formlabs has had knowledge of the '472 Patent for several years. Based on the facts alleged above in paragraphs 12-16, it is reasonable to infer that Formlabs has had knowledge of the '472 Patent since shortly after its issuance. Alternatively, if Formlabs asserts that it had no knowledge of the '472 Patent prior to the filing of this Complaint, Formlabs was willfully blind to a competitor's patent rights.

38. With knowledge of the '472 Patent, Formlabs continues to infringe the '472 Patent.

39. It is reasonable to infer based on the facts set forth above in paragraphs 12-38, that Formlabs' conduct has been willful, wanton and deliberate. It is also reasonable to infer based on these facts that Formlabs' actions have been objectively reckless. The actions of Formlabs with regard to infringement of the '472 Patent are willful such that EnvisionTEC is entitled to treble damages under 35 U.S.C. § 284.

40. EnvisionTEC has suffered damages as a result of Formlabs' infringing activities and will continue to suffer damages as long as those infringing activities continue.

41. EnvisionTEC has no adequate remedy at law. Unless enjoined by this Court, Formlabs will continue such acts of infringement, causing EnvisionTEC to incur substantial and irreparable harm.

## VI.  DEMAND FOR RELIEF

In accordance with the foregoing, EnvisionTEC respectfully demands that this Court enter judgement:

A. Declaring that Formlabs has infringed the claims of the '263 Patent and that such infringement has been and continues to be willful;

COMPLAINT FOR
PATENT INFRINGEMENT
Case No. 2:16-cv-06812                                    9

B. Declaring that Formlabs has infringed the claims of the '472 Patent and that such infringement has been and continues to be willful;

C. Enjoining and restraining Formlabs, its officers, directors, employees, agents, servants, successors and assignees, and any and all persons acting in privity or in concert with Formlabs, from further infringement of the '263 and '472 Patents;

D. Awarding EnvisionTEC its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284.

E. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding EnvisionTEC its reasonable attorney's fees and costs and disbursements in this action; and

F. Granting to EnvisionTEC such other and further relief as this Court deems reasonable.

## VIII. JURY DEMAND

EnvisionTEC respectfully demands a trial by jury of any and all issues so triable, pursuant to Federal Rule of Civil Procedures Rule 38.

Dated:  September 12, 2016          Respectfully submitted,

By: /s/ William E. Thomson, Jr.
William E. Thomson, Jr. (47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa, Suite 2080
Los Angeles, CA 90017-5726
Tel. (213)622-3003
Fax (213) 622-3053

COMPLAINT FOR
PATENT INFRINGEMENT
Case No. 2:16-cv-06812                    10

*Of Counsel:*

Frank A. Angileri
fangileri@brookskushman.com
Marc Lorelli
mlorelli@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel.: (248) 358-4400
Fax: (248) 358-3351

*Attorneys for Plaintiff*