William E. Thomson, Jr. (SBN 47195)
wthomson@brookskushman.com
BROOKS KUSHMAN P.C.
601 S. Figueroa, Suite 2080
Los Angeles, CA 90017-5726
Tel.:  (213) 622-3003
Fax:  (213) 622-3053

Frank A. Angileri (*pro hac vice*)
fangileri@brookskushman.com
Marc Lorelli (*pro hac vice*)
mlorelli@brookskushman.com
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel.:  (248) 358-4400
Fax:  (248) 358-3351

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENVISIONTEC, INC.<br><br>Plaintiff,<br>v.<br><br>FORMLABS, INC.<br><br>Defendant. | Case No. 2:16-cv-06812-RSWL (RAOx)<br><br>**SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND** |

Plaintiff, Envisiontec, Inc., by and through its undersigned counsel, for its Complaint herein against Defendant, Formlabs, Inc. alleges as follows:

## I. THE PARTIES

1. Plaintiff, Envisiontec, Inc. ("EnvisionTEC"), is a Michigan corporation, having a corporate office at 15162 S. Commerce Drive, Dearborn, Michigan 48120. EnvisionTEC also has a primary place of business in this District at 16925 South Main Street, Gardena, California 90248.

2. Upon information and belief, Defendant, Formlabs, Inc. ("Formlabs"), is a Massachusetts corporation, having its principal office at 35 Medford Street, Suite 201, Somerville, Massachusetts 02143.

## II. THE INFRINGED PATENT

3. On March 27, 2007, the U.S. Patent and Trademark Office duly and legally issued U.S. Patent No. 7,195,472 ("the '472 Patent"), titled "Apparatus and Method for the Non-Destructive Separation of Hardened Material Layers from a Flat Construction Plane." *See* Exhibit A, U.S. Patent No. 7,195,472.

4. EnvisionTEC is the owner of all right, title, and interest in the '472 Patent, including the right to recover for infringement thereof.

5. The '472 Patent is directed to, *inter alia*, a 3D printing apparatus.

6. EnvisionTEC develops, manufactures, and sells professional grade 3D printing technologies, equipment and services. EnvisionTEC offers both customized and mass-market products and services to customers globally, nationwide and in a number of industries. EnvisionTEC manufactures and sells professional grade 3D printing technologies covered by the '472 Patent. EnvisionTEC manufactures such products at its place of business located in this District at 16925 South Main Street,

Gardena, California 90248. EnvisionTEC sells such products to customers in this district and throughout the United States.

7. Pursuant to 25 U.S.C. § 287, EnvisionTEC appropriately marks its products with the number of the '472 Patent through use of its website www.EnvisionTEC.com.

## III. JURISDICTION

8. Formlabs distributes, offers for sale and sells products that infringe the '472 Patent, as described herein, in the United States, in the State of California and this District. Formlabs utilizes Source Graphics located at 1530 N. Harmony Circle, Anaheim, California 92807 as a distributor of the Accused Products. Upon information and belief, Formlabs' Accused Products have been sold to and are being used by at least the following companies in this District: StarWax, 606 South Hill St., #908, Los Angeles, California 90014; JAJ and Associate, 818 N. Broadway, Suite 112A, Los Angeles, California 90012; MCAD Esterline Mason, 13955 Balboa Blvd., Sylmar, California 91342; TACORI Enterprises, 1736 Gardena Ave., Glendale, California 91204; Christian TSE Mfg., 904 South Alta Vista Ave., Monrovia, California 91016; and HRL Laboratories, LLC, 3011 Malibu Canyon Road, Malibu, California 90265. Formlabs is an active company doing business in California and has the following registered agent: Incorp Services, Inc., 5716 Corsa Ave., Suite 110, Westlake Village CA 91362-7354.

9. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code. This Court has subject matter jurisdiction over the claims herein pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. § 1338 (patents).

10. This Court has personal jurisdiction over Formlabs because Formlabs is conducting business in the State of California and this District. To the extent not

established on the record in hand, the factual contentions of paragraph 8 above are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## IV. ACTIONS GIVING RISE TO THE COMPLAINT

11. EnvisionTEC and Formlabs are competitors in the sale of 3D printing equipment and services.

12. Both EnvisionTEC and Formlabs attend trade shows regarding their products, including trade shows in this District. For example, Formlabs attended the SIGGRAPH conference in July 2016 in Anaheim, California. Upon information and belief, Formlabs also attends Design and Manufacturing Pacific and Inside 3D Printing conferences in California.

13. Formlabs has known of the '472 Patent since at least September 15, 2016 the date on which it was served with the original Complaint in this action.

14. Formlabs offers a wide array of 3D printing services and markets its products throughout the U.S., as well as internationally. Formlabs has previously been sued for patent infringement and, thus, is presumably aware of infringement liabilities stemming from patent infringement. Upon information and belief, Formlabs has the capability to conduct searches for patents related to its product. Thus, Formlabs likely knew or had reason to know of the '472 Patent prior to the filing of the Complaint in this action.

15. EnvisionTEC lists its patents on its website, including patent number, title and issuance date. Thus, it is reasonable to infer that Formlabs, as a competitor that likely investigates EnvisionTEC, knew or had reason to know of the '472 Patent prior to the filing of this Complaint.

16. Formlabs manufactures, offers for sale, uses, and/or sells products that infringe claims of the '472 Patent, as described herein, with knowledge of the '472 Patent and the infringement thereof.

## V. COUNT 1: INFRINGEMENT OF THE '472 PATENT

17. EnvisionTEC repeats and re-alleges the allegations contained in paragraphs 1-16 above as if fully set forth herein.

18. Formlabs has directly infringed and continues to directly infringe the '472 Patent. Formlabs has made, used, offered for sale, and sold in the United States and continues to make, use, offer for sale, and sell in the United States, products that infringe the '472 Patent, including without limitation the "Form 2" and the "Form 1+" 3D printers that include resin tanks, as well as replacement resin tanks for those products ("Accused Products"). EnvisionTEC reserves the right to accuse additional Formlabs products or activities to the extent learned, e.g. through discovery, during this lawsuit.

19. The Accused Products infringe at least claims 10 and 14 of the '472 patent.

20. Upon information and belief, both the "Form 2" and "Form 1+" 3D printers are similar and include similar resin tanks for purposes of infringement of claims 10 and 14 of the '472 patent.

21. The Form 2 resin tank is pictured below.



22. The Form 2 3D printer with resin tank is pictured below.



23. The Form 2 and the Form 2 resin tank each is an apparatus for the separation of a material layer that is hardened on a flat plane. The following image from www.formlabs.com shows an object with a material layer being formed by the 3D printer.



SECOND AMENDED COMPLAINT FOR
PATENT INFRINGEMENT
Case No. 2:16-cv-06812-RSWL (RAOx)     5

1    24.    The Form 2 resin tank includes a flat plane as shown in the below
2 photograph.



Flat plane

9    25.    The Form 2 resin tank includes an elastic separating layer arranged
10 between plane and material layer. Located between the flat plane and the material
11 layer being formed is a silicone layer. As stated on www.formlabs.com: "The resin
12 tank is an acrylic tray with an optical window and silicone (PDMS) layer that
13 contains the liquid resin and assists the laser in curing the resin." This silicone layer
14 is a gel-like elastic material and is applied directly to the plane.

15    26.    Claim 9 of the '472 Patent states:

16         An apparatus for the separation of a material layer that is
17         hardened on a flat plane, which serves as a reference, the
18         apparatus comprising a flexible, elastic separating layer
19         arranged between plane and material layer, the elastic
20         separating layer comprising a gel-like elastic material that
21         is applied directly to the plane.

22    27.    The claim language prior to the term "comprising" in claim 9 is the
23 preamble.

24    28.    The Form 2 resin tray, the adhesion between the silicone layer and the
25 flat plane is greater by a multiple, at least 3 times, than the adhesion of the silicone
26 layer to a hardened material layer. www.formlabs.com discusses that the silicone
27 layer may be "glued/fused to the bottom of the tank" and cannot be simply lifted or
28 peeled off like other products.

29. Claim 10 of the '472 patent depends from claim 9 and states:
> The apparatus according to claim 9, wherein the gel-like layer has an adhesion to the plane that is greater by a multiple than adhesion of the gel-like layer to the hardened material layer.

30. As shown in detail in paragraphs 21-29, the Accused Products include each and every limitation of claim 10 of the '472 patent.

31. The Form 2 resin tank forms a holding basin for non-hardened resin material. This image was taken from a video on www.formlabs.com of the Form 1+ and its resin tank. The Form 2 resin tank is similar in its holding basin function and is constructed similarly with respect to the asserted claims of the '472 patent.





32. The accused resin tank includes a lateral frame as shown around non-hardened material above. This holding basin is on the top side (where the

nonhardened material is shown) of the silicone layer, which is a gel-like separating layer.

33. Claim 12 of the '472 patent depends from claim 9 and recites:

> The apparatus according to claim 9, further comprising a lateral frame that, in combination with the plane, forms a kind of holding basin for nonhardened material on a side of the gel-like separating layer.

34. The holding basin of the accused resin tank, which includes the frame and bottom plate, and the gel-like separating layer are an exchangeable unit. Formlabs advertises this capability of its resin tanks in its Form 1+ and Form 2 products. www.formlabs.com states that the resin tanks "require replacement." www.formlabs.com also includes a video titled "Cleaning the Resin Tank" for the Form 2 product which shows how to "Remove the build platform and tank."

35. Claim 14 of the '472 patent depends from claim 12 and recites:

> The apparatus according to claim 12, wherein the holding basin comprises a frame and a bottom plate and together the holding basin and the gel-like separating layer are an exchangeable unit.

36. As shown in detail in paragraphs 21-35, the Accused Products include each and every limitation of claim 14 of the '472 patent.

37. Formlabs has notice of its infringement of the '472 Patent at least as early as the September 15, 2016 service of the original Complaint in this action, and therefore, has knowledge of the '472 Patent at least as early as the service of the original Complaint.

38. Upon information and belief, Formlabs has had knowledge of the '472 Patent for several years. Based on the facts alleged above in paragraphs 11-16, it is reasonable to infer that Formlabs has had knowledge of the '472 Patent since shortly after its issuance. Alternatively, if Formlabs asserts that it had no knowledge of the

'472 Patent prior to the filing of the original Complaint in this action, Formlabs was willfully blind to a competitor's patent rights.

39. With knowledge of the '472 Patent, Formlabs continues to infringe at least claims 10 and 14 of the '472 Patent.

40. It is reasonable to infer based on the facts set forth above in paragraphs 11-39, that Formlabs' conduct has been willful, wanton and deliberate. It is also reasonable to infer based on these facts that Formlabs' actions have been objectively reckless. The actions of Formlabs with regard to infringement of the '472 Patent are willful such that EnvisionTEC is entitled to treble damages under 35 U.S.C. § 284.

41. EnvisionTEC has suffered damages as a result of Formlabs' infringing activities and will continue to suffer damages as long as those infringing activities continue.

42. EnvisionTEC has no adequate remedy at law. Unless enjoined by this Court, Formlabs will continue such acts of infringement, causing EnvisionTEC to incur substantial and irreparable harm.

# VI. DEMAND FOR RELIEF

In accordance with the foregoing, EnvisionTEC respectfully demands that this Court enter judgement:

A. Declaring that Formlabs has infringed the claims of the '472 Patent and that such infringement has been and continues to be willful;

B. Enjoining and restraining Formlabs, its officers, directors, employees, agents, servants, successors and assignees, and any and all persons acting in privity or in concert with Formlabs, from further infringement of the '472 Patent;

C. Awarding EnvisionTEC its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284.

D. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding EnvisionTEC its reasonable attorney's fees and costs and disbursements in this action; and

E. Granting to EnvisionTEC such other and further relief as this Court deems reasonable.

## VII. JURY DEMAND

EnvisionTEC respectfully demands a trial by jury of any and all issues so triable, pursuant to Federal Rule of Civil Procedures Rule 38.

Dated: February 2, 2017

Respectfully submitted,

By: /s/ Frank A. Angileri
Frank A. Angileri (*pro hac vice*)
fangileri@brookskushman.com
Marc Lorelli (*pro hac vice*)
mlorelli@brookskushman.com
**BROOKS KUSHMAN P.C.**
1000 Town Center, 22nd Floor
Southfield, MI 48075
Tel.: (248) 358-4400
Fax: (248) 358-3351

William E. Thomson, Jr. (47195)
wthomson@brookskushman.com
**BROOKS KUSHMAN P.C.**
601 S. Figueroa, Suite 2080
Los Angeles, CA 90017-5726
Tel. (213)622-3003
Fax (213) 622-3053

*Attorneys for Plaintiff*