1  Michael A. Albert (Admitted *pro hac vice*)
2  malbert@wolfgreenfield.com
   Nathan Speed (Admitted *pro hac vice*)
3  nspeed@wolfgreenfield.com
4  Christopher W. Henry, Pro Hac Vice
   chenry@wolfgreenfield.com
5  WOLF, GREENFIELD & SACKS, P.C.
6  600 Atlantic Avenue
   Boston, MA 02210
7  Telephone: (617) 646-8000
8  Facsimile: (617) 646-8646
9
   Jo Dale Carothers (SBN 228703)
10 jcarothers@weintraub.com
11 Eric Caligiuri (SBN 260442)
   ecaligiuri@weintraub.com
12 WEINTRAUB TOBIN CHEDIAK COLEMAN
13 GRODIN LAW CORPORATION
   23 Corporate Plaza, Suite 200
14 Newport Beach, CA 92660
15 Telephone: (949) 760-0204
16 Facsimile: (949) 760-2507

17 *Attorneys for Defendant Formlabs, Inc.*

18                    **UNITED STATES DISTRICT COURT**
19                     **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 20  ENVISIONTEC, INC. | Case No.: 2:16-cv-06812-RSWL-RAO |
| 21              Plaintiff, | **DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS UNOPPOSED MOTION TO STAY** |
| 22  vs. | |
| 23  FORMLABS, INC. | Hearing Date: May 16, 2017 |
| 24              Defendant. | Time: 10:00 a.m. |
| 25 | Judge: Hon. Ronald S.W. Lew |
| 26 | Courtroom: TBD |
| 27 | Second Amended Complaint filed: 2/2/2017 |

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ..................................... 2

III. LEGAL STANDARDS ....................................................................................... 3

     A. *Inter Partes* Review ..................................................................................... 3

     B. Motions to Stay Pending IPRs .................................................................. 3

IV.  ARGUMENT ....................................................................................................... 4

     A. Discovery Has Not Begun And No Trial Date Has Been Set ................... 4

     B. A Stay Will Simplify The Issues In Question And Trial ........................... 5

     C. A Stay Will Not Unduly Prejudice Or Present A Clear Tactical
        Disadvantage To EnvisionTEC ................................................................. 6

V.   CONCLUSION .................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Cannarella v. Volvo Car USA LLC*,
    No. 2:16-cv-06195-RSWL-JEM, D.I. 37 (C.D. Cal. Dec. 12, 2016) .................. 4

*Ethicon, Inc. v. Quigg*,
    849 F. 2d 1422 (Fed. Cir. 1988) ........................................................................ 3

*Ignite USA, LLC v. Pacific Market Int'l*, LLC,
    2014 WL 2505166 (N.D. Ill. 2014) ................................................................... 6

*Limestone v. Micron Tech.*,
    2016 WL 3598109 (C.D. Cal. Jan. 12, 2016) .............................................. 4, 5, 6

*Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*,
    2015 WL 12746207 (C.D. Cal. Sept. 23, 2015) .............................................. 5, 6

*Transport Techs., LLC v. L.A. County MTA*,
    No. 2:15-cv-06423-RSWL-MRW, D.I. 65 (C.D. Cal. July 22, 2016) ................. 5

*Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc.*,
    2015 WL 1809309 (C.D. Cal. Apr. 20, 2015) ............................................. 4, 5, 6

**STATUTES**

35 U.S.C. §§ 311, 313-316 ...................................................................................... 3

**REGULATIONS**

37 C.F.R. § 42.107(b) .............................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Formlabs, Inc. respectfully submits this Memorandum of Points and Authorities in support of its Unopposed Motion to Stay pending the outcome of an *inter partes* review challenging the asserted claims of the single patent-in-suit. Plaintiff EnvisionTEC, Inc. does not oppose the relief requested by Formlabs' motion. *See* Dkt. 45 at 5.[1]

## I. INTRODUCTION

On April 14, 2017, Formlabs filed a petition for *inter partes* review (IPR) before the U.S. Patent and Trademark Office's Patent Trial and Appeal Board (PTAB). In that petition, Formlabs contends that claims 9-15 of the single patent asserted in this litigation are invalid under 35 U.S.C. §§ 102 and 103. The claims Formlabs challenges in its petition include the claims EnvisionTEC asserts in this Court.

To avert wasteful litigation and conserve judicial resources, the Court should stay this litigation. EnvisionTEC does not oppose a stay. *See* Dkt. 45 at 5. In addition, all of the factors the Court considers in determining whether a stay is appropriate favor a stay.

First, this case is in its earliest stage. Filings to date consist of EnvisionTEC's original and first and second amended complaints, a motion to dismiss filed by Formlabs, Formlabs' answer, and other pleadings-stage papers. The instant motion precedes the Court's initial scheduling conference, discovery has not begun, and no trial date has been set.

Second, a stay will significantly simplify the issues in this litigation. If the PTAB invalidates the claims Formlabs has challenged, then no discovery or litigation will be needed with respect to those claims. Additionally, in return for EnvisionTEC agreeing not to oppose the instant motion, Formlabs agreed that it

---

[1] Whereas EnvisionTEC does not oppose a stay, EnvisionTEC has not agreed with all representations set out herein, which are Formlabs'.

will (a) not litigate in this Court any invalidity challenge that Formlabs presents in its IPR petition that is considered by the PTAB in an instituted IPR, and (b) be bound by the provisions of 35 U.S.C. § 315(e) in the event of a final written decision from the PTAB. Allowing the PTAB to adjudicate invalidity first would also benefit the parties and the Court by, *inter alia*, reducing litigation costs and avoiding the possibility of inconsistent results.

Third, EnvisionTEC's decision to not oppose a stay makes clear that EnvisionTEC will not be prejudiced by a stay. Further, mere delay in a litigation does not establish undue prejudice, and Formlabs diligently prepared its IPR petition and moved quickly to file its motion to stay.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff EnvisionTEC, Inc. filed its initial complaint against Formlabs on September 12, 2016, alleging infringement of two patents. Dkt. 1. On November 25, 2016, EnvisionTEC filed an Amended Complaint, dropping one of those patents. Dkt. 27. Formlabs then moved to dismiss the Amended Complaint. Dkt. 30. In response, EnvisionTEC moved for leave to file a Second Amended Complaint. Dkt. 34. EnvisionTEC's Second Amended Complaint was filed on February 2, 2017, after the parties stipulated to, and the Court permitted, its filing. Dkts. 35, 38, 39. The Second Amended Complaint identifies two asserted claims from the single patent EnvisionTEC asserts—claims 10 and 14 of U.S. Patent No. 7,195,472 ("the '472 Patent"). *Id.* at ¶¶ 19, 30, 36, 39. On April 14, 2017, Formlabs filed a petition for IPR asserting that these and other claims of the '472 patent (specifically, claims 9-15) are invalid under 35 U.S.C. §§ 102 and 103.[2] The instant motion was filed the same day.

---

[2] A copy of Formlabs' petition for IPR is attached as Exhibit A to the Declaration of Michael A. Albert in Support of Formlabs, Inc.'s Motion to Stay (the "Albert Dec."), which is being filed with Formlabs' unopposed motion to stay.

## III. LEGAL STANDARDS

### A. *Inter Partes* Review

An IPR allows a party to bring an adversarial proceeding before the PTAB, to establish that patent claims are invalid under 35 U.S.C. §§ 102 or 103. *See* 35 U.S.C. § 311. After a party has filed a petition requesting IPR, the patent owner has three months to file a preliminary response opposing the request. *See* 35 U.S.C. § 313; 37 C.F.R. § 42.107(b). Within three months of the time set for the patent owner's response, the PTAB will grant the IPR request if "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a). If an IPR is instituted, a final determination must be issued within a year, absent an extension for good cause (which is rare). *See* 35 U.S.C. § 316(a)(11). After an IPR concludes, the IPR petitioner, real parties in interest, and privies are estopped from asserting that a claim of a challenged patent is invalid on any ground the petitioner "raised or reasonably could have raised during th[e] inter partes review." 35 U.S.C. § 315(e)(2). The statute also seeks to limit the abuse of IPR as a tool for tactical delay, as it requires that a defendant in a district court litigation petition for review within one year after being served with a complaint. *See* 35 U.S.C. § 315(b).

### B. Motions to Stay Pending IPRs

"Courts have inherent power to manage their dockets and stay proceedings," including the authority to order a stay pending conclusion of a proceeding before the U.S. Patent and Trademark Office, such as an IPR. *Ethicon, Inc. v. Quigg*, 849 F. 2d 1422, 1426-27 (Fed. Cir. 1988).[3] This Court generally considers the following three factors in determining whether to grant a stay pending IPR:

1. whether discovery is complete and whether a trial date has been set;
2. whether a stay will simplify the issues in question and trial of the case; and

---

[3] In this memorandum, unless otherwise noted, internal citations are omitted and emphasis is added.

3. whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party.

*See, e.g.*, *Wonderland Nurserygoods Co., Ltd. v. Baby Trend, Inc.*, 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015); *Limestone v. Micron Tech.*, 2016 WL 3598109, at *2 (C.D. Cal. Jan. 12, 2016).

"[W]hile '[t]here is no *per se* rule that patent cases should be stayed pending reexaminations,' there is a 'liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination.'" *Wonderland Nurserygoods*, 2015 WL 1809309, at *2. That is especially true "in cases that are still in the initial stages of litigation and where there has been little or no discovery." *Limestone*, 2016 WL 3598109 at *2.

## IV. ARGUMENT

This litigation should be stayed pending the PTAB's review of Formlabs' petition for IPR and any IPR instituted on that petition. EnvisionTEC does not oppose a stay, and all of the factors this Court considers in determining whether a stay is appropriate favor a stay.

### A. Discovery Has Not Begun And No Trial Date Has Been Set

This case is in its infancy. Fact discovery has not begun (neither party has served any discovery requests), and no trial date has been set. Indeed, the parties only recently submitted their Joint Rule 26(f) Report, and the instant motion precedes the Court's initial scheduling conference, which is set for April 18, 2017. Further, Formlabs wasted little time in preparing its IPR petition, which was filed just over two months after EnvisionTEC filed its Second Amended Complaint. For these reasons, the first stay factor weighs soundly in favor of a stay. *See Cannarella v. Volvo Car USA LLC*, No. 2:16-cv-06195-RSWL-JEM, D.I. 37 at 33-34 (C.D. Cal. Dec. 12, 2016) (discussing the first stay factor); *see also Wonderland Nurserygoods*, 2015 WL 1809309 at *3 (same); *Transport Techs., LLC v. L.A. County MTA*, No. 2:15-cv-06423-RSWL-MRW, D.I. 65 at 18-19 (C.D. Cal. July

22, 2016) (same);[4] *Prime Focus Creative Servs. Canada Inc. v. Legend3D, Inc.*, 2015 WL 12746207, at *3 (C.D. Cal. Sept. 23, 2015) (same).

### B. A Stay Will Simplify The Issues In Question And Trial

A stay will simplify the issues in this case. Formlabs has petitioned for IPR of claims 9-15 of the '472 patent (claim 9 is an independent claim; claims 10-15 all depend on claim 9). *See* D.I. 39, Ex. A, '472 patent; *see also* Albert Dec., Ex. A (Formlabs' petition for IPR). The challenged claims include claims 10 and 14, which are the two claims EnvisionTEC identified as asserted in its Second Amended Complaint. *See* Dkt. 39. Thus, an IPR instituted on Formlabs' petition, and the cancellation of the challenged claims, has the potential to be case-dispositive. *See Wonderland Nurserygoods*, 2015 WL 1809309 at *3 ("[B]ecause Defendants have petitioned for review of all claims asserted in this action, the outcome of the IPR has the potential to be case-dispositive."). Alternatively, if an IPR is instituted and the challenged claims are not cancelled, estoppel will prevent Formlabs from raising in this Court certain invalidity grounds. Formlabs has agreed that, in return for EnvisionTEC agreeing to not oppose a stay, Formlabs will (a) not litigate in this Court any invalidity challenge that Formlabs presents in its IPR petition that is considered by the PTAB in an instituted IPR, and (b) be bound by the provisions of 35 U.S.C. § 315(e) in the event of a final written decision from the PTAB. "In either case, judicial resources will be saved." *Wonderland Nurserygoods*, 2015 WL 1809309 at *3; *see also Prime Focus*, 2015 WL 12746207 at *3.

"Knowing whether the USPTO will commence *inter partes* review proceedings will require a relatively short pause in these proceedings, which could result in saving significant, and otherwise unnecessary expenditure of time and resources by the parties and the Court." *Limestone*, 2016 WL 3598109 at *4.

---

[4] Copies of the Court's orders granting stays in the *Cannarella* and *Transport Techs.* cases are attached as Exs. B and C, respectively, to the Albert Dec.

For the foregoing reasons, the second stay factor favors a stay.

### C. A Stay Will Not Unduly Prejudice Or Present A Clear Tactical Disadvantage To EnvisionTEC

EnvisionTEC will not be unduly prejudiced by a stay. That is clear from EnvisionTEC's decision to not oppose a stay. *See* Dkt. 45 at 5.

In addition, while it is true that a stay will delay this litigation, this Court recognizes, "[t]he general prejudice of having to wait for resolution is not a persuasive reason to deny [a] motion for stay." *Wonderland Nurserygoods*, 2015 WL 1809309 at *4; *see also Limestone*, 2016 WL 3598109 at *5. Formlabs filed its petition for IPR of claims 9-15 of the '472 patent just over two months after EnvisionTEC identified asserted claims 10 and 14 in its Second Amended Complaint, and Formlabs' motion to stay was filed the same day its IPR petition was submitted. The fact that Formlabs is "seeking a stay at the earliest stage of the litigation diminishes the potential effect of any tactical disadvantage." *Ignite USA, LLC v. Pacific Market Int'l*, LLC, 2014 WL 2505166, at *2 (N.D. Ill. 2014); *see also Prime Focus*, 2015 WL 12746207 at *4.

For the foregoing reasons, the third stay factor favors a stay.

## V. CONCLUSION

For the reasons stated above, Formlabs respectfully requests that the Court preserve judicial and party resources and grant Formlabs' unopposed motion to stay.

Dated: April 14, 2017

Respectfully Submitted,

 /s/ Michael A. Albert
Michael A. Albert, *Pro Hac Vice*
malbert@wolfgreenfield.com
Nathan Speed, *Pro Hac Vice*
nspeed@wolfgreenfield.com
Christopher W. Henry, *Pro Hac Vice*
chenry@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
Telephone: (617) 646-8000
Facsimile: (617) 646-8646

*Attorneys for Defendant Formlabs, Inc.*