**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ENVISIONTEC, INC., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>FORMLABS, INC. <br><br>　　　　Defendant. | CV 16-06812-RSWL-RAOx <br><br>**ORDER Re: DEFENDANT'S MOTION TO STAY** [47] |

**I. INTRODUCTION**

This action arises from Plaintiff EnvisionTEC Inc.'s ("Plaintiff") Complaint for patent infringement against Defendant Formlabs, Inc. ("Defendant"). Plaintiff alleges Defendant's sales and use of an apparatus for manufacturing three-dimensional ("3D") objects purportedly infringes on Plaintiff's technology for separating a 3D printed object from its printer as stated in Plaintiff's Patent, "Apparatus and Method for the Non-Destructive Separation of Hardened Material Layers From a Flat Construction Plane," U.S. Patent No. 7,195,472 ("'472 Patent").

1

Currently before the Court is Defendant's unopposed Motion to Stay the case ("Motion") pending the U.S. Patent and Trademark Office's ("USPTO") *inter partes* review ("IPR") of the '472 Patent. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendant's Motion to Stay pending *inter partes* review.

## II. BACKGROUND

**A.** <u>**Factual Background**</u>

Plaintiff develops, manufactures, and sells professional grade 3D printing technologies, equipment, and services. Sec. Am. Compl. ¶ 6. Defendant offers a wide array of 3D printing services and markets its products throughout the U.S., as well as internationally. <u>Id.</u> at ¶ 14.

On March 27, 2007, the USPTO issued Plaintiff the '472 Patent. <u>Id.</u> at ¶ 3. Plaintiff displays its Patent on its website, listing the patent number, title, and issuance date. <u>Id.</u> at ¶ 15. Defendant allegedly infringed and continues to infringe on Claims 10 and 14 of the '472 Patent. <u>Id.</u> at ¶ 18. These Claims provide the method by which Plaintiff separates its 3D printed objects from its printer. <u>Id.</u> at ¶¶ 20, 23. Claim 10 relies on Claim 9 and Claim 14 relies on both Claims 9 and 12. <u>Id.</u> at ¶¶ 26, 29, 33, 35. Claim 9 states the following:

> An apparatus for the separation of a material layer that is hardened on a flat plane, which

serves as a reference, the apparatus comprising
a flexible, elastic separating layer arranged
between plane and material layer, the elastic
separating layer comprising a gel-like elastic
material that is applied directly to the plane.

Id. at ¶ 26. Claim 10 states the following:

The apparatus according to claim 9, wherein the
gel-like layer has an adhesion to the plane
that is greater by a multiple than adhesion of
the gel-like layer to the hardened material
layer.

Id. at ¶ 29. Claim 12 states the following:

The apparatus according to claim 9, further
comprising a lateral frame that, in combination
with the plane, forms a kind of holding basin
for nonhardened material on a side of the
gel-like separating layer.

Id. at ¶ 33. Finally, Claim 14 states the following:

The apparatus according to claim 12, wherein
the holding basin comprises a frame and a
bottom plate and together the holding basin and
the gel-like separating layer are an
exchangeable unit.

Id. at ¶ 35.

Defendant's "Form 2" and "Form 1+" printers include resin tanks designed to allow separation between a 3D printed object made in the 3D printer, and the surface upon which it is printed. Id. at ¶ 23. Plaintiff

3

alleges that these resin tanks infringe on Claims 10 and 14 of the '472 Patent. Id. at ¶ 18.

B. **Procedural Background**

On September 12, 2016, Plaintiff filed its Complaint [1]. On November 25, 2016, Plaintiff filed its First Amended Complaint [27]. The parties stipulated to allow Plaintiff to file a Second Amended Complaint ("SAC") and after the Court's approval, Plaintiff filed its SAC on February 2, 2017 [35, 38, 39]. On February 16, 2017, Defendant filed its Answer [40]. On April 14, 2017, Defendant filed a petition for IPR with the United States Patent Office's Patent Trial and Appeal Board ("PTAB") asserting Claims 9-15 of the '472 patent are invalid under 35 U.S.C. §§ 102 and 103. Def.'s Motion to Stay ("Mot.") 1:8-11. On April 14, 2017, Defendant also filed the instant Motion to Stay [47].

### III. DISCUSSION

A. **Legal Standard**

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO [IPR]." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Although the district court is not required to stay judicial proceedings pending IPR, "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of [IPR], especially in cases that are still in the initial

stages of litigation and where there has been little or no discovery." Nanometrics, Inc. v. Nova Measuring Instruments, Ltd., No. C 06-2252 SBA, 2007 WL 627920, at *1 (N.D. Cal. Feb. 26, 2007); but see Aylus Networks, Inc. v. Apple, Inc., No. C-13-4700 EMC, 2014 WL 5809053, at *1 (N.D. Cal. Nov. 6, 2014)("a Court is under no obligation to delay its own proceedings where parallel litigation is pending before PTAB")(internal quotation marks and citation omitted).

The party moving for a stay bears the burden to persuade the court that a stay is appropriate. Netlist, Inc. v. Smart Storage Sys., Inc., No. 13-cv-5889-YGR, 2014 WL 4145412, at *1 (N.D. Cal. Aug. 21, 2014). Three factors are significant in analyzing whether to stay proceedings pending IPR: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. Universal Elecs. v. Universal Remote Control, Inc., 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)(internal quotation marks and citation omitted).

**B.　Analysis**

 1. Defendant's Motion to Stay is **GRANTED**

  a. *Discovery is Not Complete and a Trial Date Has Not Been Set*

The Court first looks to whether the litigation has

progressed significantly such that a stay would be disfavored. The status of discovery, claim construction, trial setting, and the Court's expenditure of resources are all considerations bearing on this factor. See Universal, 943 F. Supp. 2d at 1031-32.

This factor weighs in favor of granting the Motion because this case is in the initial stages of litigation. Plaintiff filed its SAC on February 2, 2017, and after Defendant filed its Answer on February 16, 2017, only the instant Motion has been filed thus far. The parties have not commenced discovery and the Court has not issued a Scheduling Order. Defendant filed its IPR petition on April 14, 2017, less than three months after Plaintiff filed its SAC. But cf. Universal, 943 F. Supp. 2d at 1031 (factor weighed against stay when Defendant waited a year to file its IPR and the court had already spent substantial effort construing claims). This timeline is evidence that the case is still in its beginning phases. Courts have concluded that a case in its beginning phases weighs in favor of a stay, even when there has been a significant passage of time since the filing of the case. Finjan, Inc. v. FireEye, Inc., No. C 13-03133 SBA, 2017 WL 1150283, at *2 (N.D. Cal. Mar. 28, 2017)(finding that the stage of litigation factor weighed in favor of granting a stay even where the parties engaged in fact discovery and claim construction because the parties

had yet to undertake the more significant and costly stages of litigation including expert discovery and preparing summary judgment motions). Thus, this factor weighs in favor of granting a stay.

        b.   *A Stay Will Simplify the Issues in Question and Trial of the Case*

The second factor to consider is whether granting the stay will simplify the issues in question and trial of the case. "[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." <u>Target Therapeutics, Inc. v. SciMed Life Systems, Inc.</u>, No. C-94-20775 RPA (EAI), 1995 WL 20470, at *2 (N.D. Cal. Jan. 13, 1995).

Here, the IPR's review process could significantly simplify the issues because all challenged claims could be reexamined. Defendant has petitioned for IPR of Claims 9-15 of the '472 Patent which includes Claims 10 and 14 which are the basis of Plaintiff's infringement action against Defendant. Therefore, all challenged claims could be reviewed and evaluated by an expert, giving the Court valuable information and precluding some challenges. <u>See</u> <u>Universal</u>, 943 F. Supp. 2d at 1032. Defendant has agreed not to litigate any invalidity challenge presented to and considered by the PTAB, which has the potential to further reduce the

complexity of future litigation by limiting the amount of challenged claims. Consequently, this factor also weighs in favor of granting a stay.

        c. *A Stay Would Not Unduly Prejudice or Present a Clear Tactical Advantage*

The final factor the Court considers is whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party. Courts have held that a stay does not unduly prejudice or present a clear tactical disadvantage to the non-moving party if the moving party seeks it at the earliest stage of litigation. See Ignite USA, LLC v. Pacific Market Int'l, LLC, No. 14 856, 2014 WL 2505166, at *2-3 (N.D. Ill. May 29, 2014)(holding defendant's motion to stay filed less than two months after receiving notice of a patent infringement complaint diminished the effect of any potential tactical advantage it could incur).

Additionally, a stay would likely not cause Plaintiff prejudicial harm because Plaintiff agreed not to oppose the Motion in return for Defendant agreeing not to litigate any invalidity challenge that Defendant presents in its IPR petition that is considered by the PTAB and to be bound by the provisions of 35 U.S.C. § 315(e) in the event of a final written decision from the PTAB. Mot. 5:15-20. Moreover, the general prejudice of having to wait for resolution is not a persuasive reason to deny a motion to stay. Wonderland Nurserygoods Goods Co., Ltd. v. Baby Trend, Inc., No.

EDCV 14-01153-VAP (SPx), 2015 WL 1809309, at *4 (C.D. Cal. Apr. 20, 2015).

Staying the case is not premature even though the PTAB has yet to grant the IPR petition because it will only minimally delay the case. The parties will know by July 14, 2017 whether the PTAB will grant IPR, and the PTAB must issue a final determination no later than one year from accepting the review. 35 U.S.C. §§ 314, 316. Though this could potentially delay the litigation, the agreed upon binding nature of the results would likely assist the parties and this Court in saving resources and moving future litigation forward. Furthermore, "it is not uncommon for [] [courts] to grant stays pending reexamination prior to the [PTAB] deciding to reexamine the patent." See Pragmatus AV, LLC v. Facebook, Inc., No. 11-CV-02168-EJD, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011). Because Plaintiff does not oppose the stay and delay of litigation is not reason enough to deny a stay, the third and final factor weighs in favor of granting a stay.

## IV. CONCLUSION

Based on the foregoing reasons, the Court **GRANTS** Defendant's Motion to Stay and this case is hereby stayed pending the PTAB's decision whether to institute IPR [47]. If the IPR petition is granted, the stay will remain in effect until the PTAB makes its final determination in IPR. **IT IS HEREBY ORDERED** that the

9

parties shall file a joint status report within 14 days of the PTAB's decision on whether to grant IPR.  If IPR is granted, **IT IS FURTHER ORDERED** that the parties shall file a joint status report within 14 days of the PTAB's final determination.

Should the PTAB find that Plaintiff's '472 Patent is valid as to some or all of its claims, Plaintiff has **LEAVE TO AMEND** its Second Amended Complaint within 20 days of informing the Court of the PTAB's final determination.  Alternatively, if the PTAB determines that the '472 Patent is invalid, Plaintiff has **LEAVE TO AMEND** the claims unaffected by the '472 Patent's validity within 20 days of informing the Court of the PTAB's final determination. Scheduling Conf. VACATED.
**IT IS SO ORDERED.**

DATED: June 6, 2017      s/ RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge